## MARY ELLIOTT *v.* THOMAS GIBBONS.

E. died intestate, leaving the plaintiff, his widow, and certain minor children, who were supported by their mother for the period of two years and upwards. G. was appointed general guardian of the minor children, and administrator of the estate of E. There was a large amount of property, especially real estate, to be made liable for the support of the minor children. During the period of two years, G. had let the plaintiff, the widow, and mother of his wards, have several sums of money amounting to nearly $3,000. The plaintiff sued the defendant for money had and received for her use. The defendant sought to set off the money paid to the plaintiff as above stated, against the claim established by the plaintiff. The court *held*,

That upon the question, whether the money so paid by the defendant to the plaintiff, was paid to her for her use, or for the maintenance of her minor children, evidence that the guardian, at the time of making such payments, had no funds in his hands belonging to his wards, was, in judgment of law, too remote from the issue, and too conjectural, to be admissible.

THE action was brought to recover for money had and received by the defendant for the use of the plaintiff. The plaintiff established her claim to the amount of $2,964.25, and the defendant established a set-off of $105, for money paid to or for the use of the plaintiff, which, with interest, amounted to $123.36. The report of the referee before whom the case was tried, was for the balance of the plaintiff's demand over that of the defendant. So far there is no question as to the correctness of the judgment. But the plaintiff claimed to be allowed, as a set-off, a further amount of about $2,500. It was for money alleged to have been advanced and paid by the defendant to the plaintiff, from August, 1855, to 14th September, 1857, in various small amounts, which were specified in a list of particulars produced on the trial. The question upon this account was, whether the advances were made by the defendant in his own right to the plaintiff, for her use, or were payments by the defendant as general guardian for certain minors, her children, to her, on account of their support, education and maintenance, which were provided and furnished by her. The facts were as follows: The plaintiff's husband died intestate on the 25th of July, 1855, seized of a considerable real estate, consisting

of vacant building lots, one lot which was productive of income to an extent not stated, and a dwelling house in which he lived. Besides his widow, the plaintiff, he left five infant children, and another was born after his death. The plaintiff continued to live in the dwelling house, and to take care of and bring up the children. The defendant came to live in the family a few months after the death of the deceased, and afterwards married one of the daughters, who died without issue about eight months after the marriage. The defendant was, in August, 1855, with other persons, appointed administrator of the deceased, and he was appointed the general guardian of the infant children in February, 1856. He, as general guardian, procured an order of the surrogate of Kings county, for the sale of three several parcels of the real estate, and sales were accordingly made to three several purchasers, the plaintiff, as widow, joining in the sales and releasing her right of dower and her life estate as the heir of her deceased daughter, the defendant's wife. Her releases, which were given in evidence, were dated in February, May and June, 1858. The defendant received the purchase price of the lands thus sold, as general guardian of the infant children, including the portion of such price belonging to the plaintiff as doweress and as tenant for life of the estate left by her deceased daughter, all of which came into the defendant's hands. It was the several sums thus belonging to the plaintiff, and which the defendant had received and had not paid over, which constituted the plaintiff's claim established on the trial. The several sums advanced by the defendant to the plaintiff which were set down in the bill of particulars referred to, were expended by her in defraying the charges of keeping the family together and supporting the children; and the general question, as has been mentioned, was whether they were to be considered as advances made by the defendant, as guardian, to her, to remunerate her for her expenditures on account of the wards, or were payments to her personally which she was bound to repay, or to allow against her claim upon the defendant for her money in his hands. The referee found this question of fact

against the defendant, and in his findings of fact stated that the defendant did not lend and advance to the plaintiff, or pay, lay out and expend for her, any other or greater sum than the $105 above mentioned, which he allowed against her claim.

The defendant was examined as a witness on his own behalf, and after testifying that he had advanced moneys to pay interest on mortgages and to pay taxes and assessments, and in particular $300 to reduce a mortgage against the estate, he was asked by his own counsel this question: " On the 15th day of September, 1857, how much money had you received from the real estate and such of the property as came into your hands as general guardian?" The question was rejected by the referee, on the plaintiff's objection, as immaterial, and the exception of the defendant's counsel thereupon interposed, is the only question which arises on this appeal. The remainder of the trial consisted in the evidence of the defendant and of the plaintiff, who was also examined as a witness on her own behalf, touching the alleged advances mentioned in the defendant's bill of particulars and the circumstances under which they were made. The referee's finding affirmed the fact of those advances to the amount claimed by the defendant, but affirmed that " the whole of such advances and moneys paid, except the aforesaid sum of $105, were made by him to and for the use and benefit of the minor children of the plaintiff, and not to or for the use of the plaintiff."

The judgment on the report was affirmed at the General Term in an opinion prepared by Judge BROWN, and the defendant thereupon brought this appeal.

*J. H. Reynolds* and *S. M. & D. E. Meeker*, for appellant.

I. There is no evidence to sustain either the fifth or sixth findings of the referee.

. II. The referee erred in overruling the question proposed by the defendant at folio 27 of the case.

The controversy before the referee was, whether the moneys advanced by the defendant to the plaintiff were advanced to her for her own use, or by the defendant, as general guardian, for the use of the children.

It had already appeared that the personal assets of Mr. Elliott were insufficient to pay his debts; that there was only one piece of real estate productive besides the homestead; that the homestead was occupied by the plaintiff; that there were twenty-six or twenty-seven vacant lots, all of which were mortgaged but four; that the defendant had advanced money to reduce the mortgages and to pay interest, taxes, assessments, &c., and the object of the question was to show that, at the time when the advances set forth in the bill of particulars were made by the defendant, he had no moneys in his hands as general guardian, and it is submitted that that would have been an important fact for the referee to have considered in determining the question whether these advances were made to the plaintiff for her own use, or by the defendant, as general guardian of the minors.

*P. S. Crooke,* for the respondent.

The plaintiff sues for money had and received by defendant, for her use, and which he refuses to pay her.

The answer of defendant merely sets up a counterclaim for moneys lent and advanced to plaintiff, and money paid out for her.

The only question raised before the referee was upon the counterclaim. Plaintiff had made certain advances to the support of a family consisting of himself and the widow and children of his wife's deceased father — the husband of plaintiff — of whose estate he was the administrator, and of the children he was the guardian. The only question was, whether the advances were made to the plaintiff. The referee allowed $105 and interest as paid for plaintiff by defendant, and at the request of plaintiff.

The whole question of law turns upon the disputed facts in the case, on which the referee rightly finds for the plaintiff. The conclusions of law are merely consequential upon the findings of fact.

The opinion of Judge BROWN, delivering decision of the General Term of second district, clearly sets out all the facts and law in this case.

I. The evidence proved clearly, that the advances made by defendant were not made to the plaintiff, but were made by defendant as administrator and guardian for her children.

II. The finding of the referee upon the question of fact is conclusive.

III. The finding of the referee is correct, both in fact and in law.

DENIO, Ch. J.    The defendant was, during the whole time in which the several payments were made, an administrator of the deceased, and during the greater part of that time was the general guardian of his infant children.   He might have lent these sums, which he claims, to the plaintiff in his individual character, and he might also have advanced them, after he became general guardian, in that character and on account of the plaintiff's services and expenditures in supplying food, clothing, schooling and other necessaries for her children, who were his wards.   The question on the trial was, in which character the advances were made; and the only point now is, whether the evidence which he offered to give, and which was excluded, had a legitimate bearing upon that question.   We may assume that the object of the question, which was excluded, was to show that he had received only a small sum as guardian, and that it was less than the sums which he had expended for other purposes, and that he had, therefore, no trust funds in his hands, and must necessarily have made these advances to the plaintiff out of his own moneys. It is obvious enough that, having the power, with the authority of the court, which could be readily invoked, to bring the real estate of his wards to a sale, to raise funds for their support, he might have advanced moneys to a person who had been employed in taking care of them and supplying their necessaries, in anticipation of the proceeds of the sales, and of the collection which he might expect thereafter to make from the rents of the productive property.   Whether the advances in question were made with such views, or were individual advances which created an indebtedness in his favor as soon as they were made, would depend upon the circumstances

under which the payments were made, and mainly upon the communication between the party paying and the party receiving the money. The defendant could not recall the payments if they were really made as guardian, on the ground that he was not in funds for that purpose at the time they were made. If the case were equivocal and uncertain on the primary evidence, it would, no doubt, incline the mind one way or the other, according to the fact, to show that he had or had not trust funds in his hands. But I am of opinion that the inference which would arise would be a conjectural and not a legal one. In the judgment of the law it would be too remote from the issue.

If the evidence had been received, the plaintiff should have been permitted to show that he was greatly attached to his infant wards, and was of a disposition which would lead him to make personal sacrifices or incur liabilities for their benefit in anticipation of expected funds. The loaning of money is a contract, and whether a particular advance was a loan or a payment on account, must depend upon the facts and circumstances having a direct bearing upon the question; and the ability or disposition of the party paying, though it may lead to a presumption of a certain kind, does not, as I think, raise legal presumption.

The defendant did not put any question which tended to discriminate between those payments made before and those made after he was appointed guardian.

I am in favor of affirming the judgment appealed from.

HOGEBOOM, J. The facts alleged in the complaint, and not denied by the answer, are substantially as follows: The plaintiff is the widow of John H. Elliott, and entitled to dower in the lands whereof he died seized, and also to a life estate in the share of one of his children.

Application having been made to the county court of Kings county, on behalf of the infant children of Mr. Elliott, by the defendant, as their general guardian, for authority to sell the interest of the infants, in three several parcels, of their real estate, such proceedings were had that that court

ordered their sale; and that the defendant pay to the plaintiff, out of the purchase-money paid him therefor, for her dower right and life estate, upon her releasing the same to the purchaser, three several sums, amounting in the aggregate to $2,770.62.

The plaintiff released her dower and life estate, and defendant received the money therefor from the purchasers and refused to pay the same to the plaintiff.

The answer alleges, that at the time when these moneys were received by the defendant, the plaintiff was indebted to him for moneys lent and advanced to her, and paid, laid out and expended for her, to the amount of $2,665.97, and insists that they constitute a counterclaim.

The issues were referred to George G. Reynolds, Esq., to hear and determine, who, by his fifth finding of fact, finds that the defendant did not lend and advance to the plaintiff, or pay, lay out or expend for her, any greater sum than $105; but by his sixth finding of fact, finds that the defendant did advance to the plaintiff, and pay, lay out and expend the whole amount claimed in the answer and the bill of particulars, $2,665.97; but that the whole of such advances and moneys paid, except the above $105, were made by him to and for the use and benefit of the minor children of the plaintiff, and not to or for her use.

To these findings of fact, exceptions were taken.

For the purpose of proving that the defendant had had no moneys in his hands as general guardian to advance, the question was asked by and of the defendant, to wit, how much money he had received on the 15th day of September, 1857, from the real estate and such of the property as came into his hands as general guardian. The question was objected to and overruled and the defendant excepted.

The questions of fact having been decided against the defendant, the question of law arising on the appeal turns on the admissibility of this evidence.

The sole point made on this appeal is, that the referee erred in overruling the foregoing question proposed by the defendant.

The main controversy before the referee was, whether the moneys advanced by the defendant to the plaintiff were advanced to her for her own use, or as compensation for the board of defendant and the children, or by the defendant, as general guardian, for the use of the children.

It had already appeared, as the defendant claims, that the personal assets of Mr. Elliott were insufficient to pay his debts; that there was only one piece of real estate productive besides the homestead; that the homestead was occupied by the plaintiff; that there were twenty-six or twenty-seven vacant lots, all of which were mortgaged but four; that the defendant had advanced money to reduce the mortgages and to pay interest, taxes, assessments, &c., and the object of the question is claimed to have been to show that, at the time when the advances set forth in the bill of particulars were made by the defendant, he had no moneys in his hands as general guardian, and it is claimed that that would have been an important fact for the referee to have considered in determining the question, whether these advances were made to the plaintiff for her own use, or by the defendant, as general guardian of the minors.

Notwithstanding this argument, I am unable to see the pertinency of this question. The true question was, not how much money the defendant had in his hands, but how much he had advanced to the plaintiff, and on what account. It was not material whether he had funds in his possession when he made the advance, but for what reason and on what account he made it. Nor is the date fixed in the question material, for it would seem that the conveyance of the plaintiff's interest was at a subsequent date. At all events the pertinency of the question is not apparent on the face of the record, and it should have been shown by an offer to prove additional facts, or an explanation to the referee of the manner in which it became material. Unaccompanied with such explanation, I think the referee was right in rejecting the evidence. The judgment should be affirmed.

All the judges concurring in this opinion, the judgment was affirmed.